IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FIRST CITY BANK OF FLORIDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-41-WKW |
| | ) | [WO] |
| WILLIAM R. McKELVY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

While this nearly year-old action is nearing its end, twelve of the twenty-three Defendants still remain. Several procedural glitches have occurred along the way, and these glitches require troubleshooting before this action can conclude as to ten Defendants. Additionally, Plaintiff has not provided proof of service for two Defendants. The following discussion summarizes the relevant procedural history and explains the corrective measures that the court will implement as to these twelve Defendants.

**A.** **Defendants With Whom Plaintiff Has Resolved Its Claims**

In its March 17, 2017 Order, the court directed the Clerk of the Court to terminate certain Defendants as parties to the action in accordance with Plaintiff's Notice of Voluntary Dismissal with Prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Docs. # 53, 54.) The Order recognized that, by

operation of Rule 41(a)(1)(A)(i), Plaintiff had dismissed all claims against the following ten Defendants: Beach Metals of Navarre, Inc., a Florida corporation; Blackwater Settlement Solutions, LLC, f/k/a Blackwater Oil & Gas, LLC, a Florida corporation; Craig F. Shaw; Eastern Metals of Crestview, Inc., a Florida corporation; Generation Five Financial Group of Florida, LLC, a Florida limited liability company; JMW of Andalusia, LLC, a Florida limited liability company; John Michael Ward; North Okaloosa Development Corporation, a Florida corporation; Precious Metals of Baker, Inc., a Florida corporation; and Square Donut Group, Inc., f/k/a D Square Donuts, an Alabama corporation. (Doc. # 54); *see generally Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (observing that a voluntary dismissal under Rule 41(a)(1)(A)(i) "is effective immediately upon [its] filing . . . , and no subsequent court order is required").

However, on March 24, 2017, Plaintiff sought to withdraw its Notice of Voluntary Dismissal with Prejudice and amend the March 17 Order because it mistakenly had requested the dismissal of more claims than the parties had agreed. (Docs. # 59, 60.) Specifically, the parties did not intend for the claim in Count VI of the Complaint to be dismissed as to the following six Defendants: Beach Metals of Navarre, Inc.; Blackwater Settlement Solutions, LLC; Eastern Metals of Crestview, Inc.; Generation Five Financial Group of Florida, LLC; North Okaloosa Development Corporation; and Precious Metals of Baker, Inc. Importantly, the

parties *did* intend for the dismissal of all claims against four Defendants, namely, Craig F. Shaw, JMW of Andalusia, John Michael Wardm, and Square Donut Group Inc. (Doc. # 59, at 2 ("The March 17, 2017, Order requires no other modification to [these Defendants].").) In summary, Plaintiff dismissed all claims against the foregoing ten Defendants under Rule 41(a)(1)(A)(i) and, to correct its mistake, sought to revive only the claim in Count VI against the first group of six Defendants listed above.

Attempting to rectify the error, on April 10, 2017, the court entered an Order that vacated its March 17 Order, granted Plaintiff's motion to withdraw the Notice of Voluntary Dismissal with Prejudice, and granted Plaintiff's motion to amend its stipulated judgment. That Order, among other things, effectively reinstated Count VI against the above-mentioned six Defendants. (Doc. # 77.) Subsequently, on the same date, and based upon the agreement of the parties, the court entered final judgment in favor of Plaintiff and against these six Defendants on Count VI. (Doc. # 78, at 2.)

However, the April 10 Order and Final Judgment had two unintended consequences. First, all claims against six Defendants—Beach Metals of Navarre, Inc.; Blackwater Settlement Solutions, LLC; Eastern Metals of Crestview, Inc.; Generation Five Financial Group of Florida, LLC; North Okaloosa Development Corporation; and Precious Metals of Baker, Inc.—were reinstated after the

withdrawal of the Notice of Voluntary Dismissal with Prejudice, but the intent of the parties was that all claims, but Count VI, be dismissed with prejudice as to these Defendants (*see* Doc. # 60). Second, the claims against the other four Defendants—Craig F. Shaw, JMW of Andalusia, John Michael Ward, and Square Donut Group Inc.—were reinstated, notwithstanding that the parties had not intended to revive any claims against these four Defendants. (Doc. # 59, at 2.)

To effectuate the parties' intent, the court will dismiss with prejudice all claims but Count VI against the following Defendants: Beach Metals of Navarre, Inc.; Blackwater Settlement Solutions, LLC; Eastern Metals of Crestview, Inc.; Generation Five Financial Group of Florida, LLC; North Okaloosa Development Corporation; and Precious Metals of Baker, Inc. The court also will dismiss with prejudice all claims against Craig F. Shaw, JMW of Andalusia, John Michael Ward, and Square Donut Group Inc. These dismissals will be pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**B.** **Unserved Defendants**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Because Plaintiff filed its Complaint on January 20, 2017, it had to perfect

service on Defendants by April 20, 2017. There is no proof in the record that Defendants Chaim Hershkowits[1] and A & CH Properties, LLC, have been served or that these Defendants have waived service of process. Accordingly, the court will require Plaintiff to show cause why its action should not be dismissed without prejudice as to Chaim Hershkowits and A & CH Properties, LLC pursuant to Rule 4(m).

**C.     Conclusion**

Based on the foregoing, it is ORDERED as follows:

(1) Plaintiff's claims against Defendants Beach Metals of Navarre, Inc.; Blackwater Settlement Solutions, LLC; Eastern Metals of Crestview, Inc.; Generation Five Financial Group of Florida, LLC; North Okaloosa Development Corporation; and Precious Metals of Baker, Inc., *other than Count VI*, are DISMISSED with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Clerk of the Court is DIRECTED to reflect in the court's electronic record that, as of today's date, these Defendants are terminated as parties to this action.[2]

---

[1] The Clerk of the Court issued an Alias Summons as to Chaim Hershkowits to Plaintiff's counsel on April 14, 2017. (Doc. # 82.) However, Plaintiff failed to indicate whether this summons was served on the defendant or whether service was waived.

[2] The electronic docket sheet reflects that Blackwater Settlement Solutions, LLC, is a terminated party, but reflects a termination date of March 17, 2017.

(2) All claims against Defendants Craig F. Shaw, JMW of Andalusia, John Michael Ward, and Square Donut Group Inc. are DISMISSED with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Clerk of the Court is DIRECTED to reflect in the court's electronic record that, as of today's date, these Defendants are terminated as parties to this action.[3]

(3) On or before **January 12, 2018,** Plaintiff shall show cause why this action should not be dismissed without prejudice pursuant to Rule 4(m) as to the only remaining two Defendants—Chaim Hershkowits and A & CH Properties, LLC.

DONE this 2nd day of January, 2018.

                                        /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The electronic docket sheet reflects that Square Donut Group Inc. is a terminated party, but reflects a termination date of March 17, 2017.